IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VICTON Y. BETHEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15-3244 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

On August 24, 2015, Petitioner Victon Y. Bethel filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Initially, the motion was denied.

Pending before the Court is the Petitioner's motion for reconsideration.

I.

On August 27, 2015, the Court entered an Opinion denying the motion. On September 16, 2015, the Petitioner filed a motion for reconsideration, claiming he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On October 13, 2015, the Court appointed the Federal Public Defender to assist the Petitioner in determining if he may qualify for habeas relief. At the time, it was

1

uncertain whether the rule in *Johnson* addressing certain language in a statute would be extended to the guidelines. The Parties filed briefs pertaining to the issues raised in the motion for reconsideration.

Initially, the Government did not contest the Petitioner's claim that *Johnson* applies to the guidelines. The Government instead contended *Johnson* is not retroactively applicable to guidelines cases on collateral review and, further, that Petitioner had waived his right to file a § 2255 motion and also procedurally defaulted his claim because he had failed to challenge his career offender designation on direct appeal.

Soon thereafter, the United States Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court concludes that the Petitioner's habeas claim is foreclosed by *Beckles*, wherein the Court held that the advisory sentencing guidelines are not amenable to vagueness challenges. *See id*. at 892.

II.

On March 25, 2008, the Petitioner was determined to be a career offender and sentenced to 168 months imprisonment. *See United States v. Victon Y. Bethel*, Case No. 07-30080. In his motion, he sought to challenge his sentence under *Johnson*, wherein the United States Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The Seventh Circuit later held that because *Johnson* announced a new substantive rule of constitutional

2

law, it has retroactive application to cases on collateral review. *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The Petitioner was sentenced under the post-*Booker* advisory guidelines scheme. At sentencing, the Petitioner was determined to be a career offender based on a prior felony drug conviction and a felony aggravated battery conviction. The Petitioner's presentence investigation report relied on two previous convictions in determining he qualified as a career offender under U.S.S.G. § 4B1.1. One was an aggravated battery conviction from Morgan County, Illinois, Case Number 98-CF-128. The aggravated battery conviction was determined to be a qualifying conviction for the career offender guideline pursuant to U.S.S.G. § 4B1.2(a), which defines "crime of violence." In this supplemental memorandum, the Petitioner contends that the determination his prior conviction for aggravated battery involved conduct that presented a serious potential risk of physical injury to another amounts to an unconstitutionally vague standard.

In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563. This Court appointed counsel based on the possibility that the Petitioner's sentence may be incompatible with *Johnson*, which the Seventh Circuit determined to be a new rule of constitutional law. *See Price*, 795 F.3d at 734. In 2017, however, the United

States Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *See Beckles*, 137 S. Ct. at 890. Unlike the statute that was before the Court in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892. Accordingly, the rule in *Johnson* does not apply to the guidelines. *See id*.

*Beckles* was decided by the Supreme Court on March 6, 2017. Prior to that decision, the Seventh Circuit held in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) that vagueness challenges against the guidelines were permissible. *See id*. at 725. The Supreme Court then in *Beckles* overturned *Hurlburt*. *See United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017) ("This week, the Supreme Court overturned that decision, holding that 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"). Accordingly, the rule in *Beckles* forecloses the Petitioner's vagueness challenge.

The Petitioner's § 2255 motion depends entirely on the premise that the advisory Guidelines may be attacked as unconstitutionally vague. However, the Supreme Court has now determined that the reasoning of *Johnson* does not extend to the career offender guideline's residual clause (or any other allegedly vague guideline provision). Therefore, the determination that Petitioner's aggravated

4

battery conviction involved conduct that presented a serious potential risk of physical injury to another did not violate his Due Process rights under the Fifth Amendment.

Because the Petitioner's argument that the guidelines are unconstitutionally vague has now been rejected, the Court will deny the § 2255 motion. The Court need not address the Government's alternative arguments regarding waiver or procedural default.

III.

The Court concludes that, following the Supreme Court's decision in *Beckles*, the issue of whether the advisory guidelines may be attacked as unconstitutionally vague is no longer one that reasonable jurists might debate. Accordingly, the Court declines to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Ergo, the Petitioner's Motion for Reconsideration of his Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [d/e 5] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to grant a certificate of appealability regarding whether vagueness challenges may be raised against the post-*Booker*, advisory Guidelines.

The Clerk will enter Judgment and terminate this case.

ENTER: June 15, 2018

FOR THE COURT:

        /s/ *Richard Mills*
Richard Mills
United States District Judge